29 C.C.P.A. (Patents)

**LANGENDORF UNITED BAKERIES, Inc.,
v. GENERAL FOODS CORPORATION.**

Patent Appeal No. 4567.

Court of Customs and Patent Appeals.

Feb. 2, 1942.

A. W. Boyken and W. Bruce Beckley, both of San Francisco, Cal. (Boyken, Mohler & Gordon, of San Francisco, Cal., of counsel), for appellant.

Mansfield C. Fuldner, of New York City, for appellee.

Before GARRETT, Presiding Judge, and BLAND, HATFIELD, LENROOT, and JACKSON, Associate Judges.

LENROOT, Associate Judge:

This is a trade-mark opposition proceeding wherein the Commissioner of Patents of the United States Patent Office affirmed a decision of the Examiner of Interferences sustaining the notice of opposition of appellee to the registration by appellant of the mark applied for by it, and adjudging that appellant is not entitled to the registration for which it has made application. From such decision of the commissioner appellant has appealed to this court.

On February 17, 1939, appellant filed an application under the Trade-Mark Act of

February 20, 1905, for the registration of the mark "Wheato-Nuts" applied to a breakfast cereal food. A specimen of the trade-mark as actually used by appellant was filed with its application. Such specimen contains in addition to the mark certain printed matter, including the statement that "This delicious nut brown cereal is made chiefly of wheat products * * *."

Appellee filed its notice of opposition, alleging confusing similarity with its trademark "Grape-Nuts" applied to breakfast foods prepared from cereals; said notice also alleged prior use and registration of its mark.

Appellant in its answer denied that the marks were confusingly similar, and alleged that appellee has no exclusive right to the use of the word "nuts" as applied to grain products; the answer set forth a large number of alleged registrations of marks in the Patent Office in which the words "nut" and "nuts" were used as a part of the marks so registered. None of such alleged registrations, however, were introduced in evidence.

Appellant took no testimony. Appellee took testimony from which it appears that it and its predecessors have used the trademark "Grape-Nuts" applied to a breakfast cereal for many years prior to the adoption and use by appellant of its mark, and four Patent Office registrations of appellee's mark were introduced in evidence. It further appears from said testimony that appellee's goods upon which its mark is used are made principally of wheat; that from January 1, 1934, to December 31, 1938, appellee's sales of such goods bearing its mark amounted to about $16,000,000; that during the same period appellee expended for advertising its goods bearing the mark the sum of $3,754,566; and that since 1897 more than a billion packages of such goods bearing said mark have been sold by appellee and its predecessors. A package of appellee's goods was introduced in evidence; the carton contains the statement "Made of Wheat, Malted Barley, Salt and Yeast."

The Examiner of Interferences cited the case of Postum Cereal Co., Inc. v. Farmers' Mill & Elevator Ass'n, 58 App.D.C. 73, 24 F.2d 901, which involved the registration of the notation "Wheat-Nut" for a cereal breakfast food over the opposition of appellee's predecessor, Postum Cereal Co., alleging as here the prior use and registration of the mark "Grape-Nuts" upon a cereal breakfast food. The examiner quoted certain statements from the opinion in said case which, he stated, he deemed pertinent in this proceeding. The statements so quoted are as follows:

"In considering the matter of confusing similarity, we think it important to examine into the character of the goods on which the marks are used. The goods are both largely wheat products. The users of Grape-Nuts are familiar with the fact that the cereal sold under that name is chiefly produced from wheat; hence the adoption of the word 'wheat' as part of appellee's mark is merely the name of the product on which the marks are used. This we deem important, in determining whether or not the marks are so similar as to lead to confusion. The purchasing public, seeking a wheat cereal, might easily be misled by the similarity of the marks, applied to the same product.

\* \* \* \* \*

"We think that the present case is in line with the decision of the Commissioner of Patents in Postum Cereal Co. v. Hillis, opposition No. 2098, where the question involved was the similarity of the marks 'Grape-Nuts' and 'Bran-Nuts.' There, as here, the marks were applied to goods composed largely of a wheat product, and the user of one might readily be confused by the other."

The Examiner of Interferences declined to consider the registrations set up in appellant's answer because they had not been duly produced as a part of the record.

The commissioner, in affirming the decision of the Examiner of Interferences, stated that he was constrained to follow the reasoning of the court in the case of Postum Cereal Co., Inc., v. Farmers' Mill & Elevator Ass'n, supra. He also stated that the opposer does not have the exclusive use of the word "nuts" as a trade-mark and that the words "Grape" and "Wheato" are distinctly different.

With respect to the refusal of the Examiner of Interferences to consider the registrations set forth in appellant's answer, because not produced in the record, which refusal was presumably affirmed by the commissioner, we would first observe that we find no reason of appeal assigning such refusal as error, and second, the Examiner of Interferences was right in so declining to consider such alleged registrations. Cross v. Williams Oil-O-Matic Heating

Corporation, 48 F.2d 659, 18 C.C.P.A., Patents, 1192.

It will be observed from the quotation hereinbefore made from the case of Postum Cereal Co., Inc., v. Farmers' Mill & Elevator Ass'n, supra, that the court in that case held that the adoption of the word "wheat" in the mark "Wheat-Nut" was merely the adoption of the name of the product on which the marks were used. This we construe as a holding by that court that the word "wheat" in the mark "Wheat-Nut" was descriptive, and as the examiner held that he considered the language there used as being pertinent here, we are of the opinion that the Examiner of Interferences in the case at bar held in effect that the term "Wheato" in appellant's mark was descriptive. This, too, is our opinion, for we do not regard the addition of the letter "o" to the word "wheat" as being significant. It appears from appellant's specimen filed with its application for the registration of its mark that the public is expressly told in the printing upon the specimen that the goods to which the mark is applied are made chiefly from wheat products. This being true, we do not think that the notation "Wheato" would indicate to purchasers to any degree the origin of the goods, but only that the goods were made in part of wheat. Therefore the dominant part of appellant's mark, so far as indicating origin is concerned, is the word "nuts" which, in view of the wide use of appellee's product, "Grape-Nuts," we must presume that appellant has appropriated from appellee's mark.

In the case of In re Coca Cola Bottling Co. of Los Angeles, 49 F.2d 838, 18 C.C.P.A., Patents, 1384, the registration of the mark "Lemon Frost" was refused in view of the mark "Jack Frost," each of said marks being used upon soft drinks. We held that the use of the word "lemon" in the mark "Lemon Frost" was for the purpose of indicating the flavor of the drink contained in the bottle to which the mark "Lemon Frost" was applied. We therefore held that, inasmuch as the word "lemon" in the mark "Lemon Frost" was used to indicate the flavor of the goods, it could not be relied upon to indicate origin of the goods, and that the marks "Jack Frost" and "Lemon Frost" were confusingly similar. There the first words of the respective marks were very dissimilar, and the same is true of the first words of the marks here involved.

In the case of Frankfort Distilleries, Inc., v. Kasko Distillers Products Corporation, 111 F.2d 481, 482, 27 C.C.P.A., Patents, 1189, we said: "If the purchaser of trade-marked goods would be more likely to remember one part of a mark than another part as indicating origin of the goods, such word is the dominant part of the mark under the decisions above cited."

For the reasons stated, we must hold that the dominant portion of appellant's mark is the word "nuts," and that, considered in its entirety, appellant's mark is confusingly similar to appellee's mark "Grape-Nuts."

It is not claimed by appellant that the word "nuts" is descriptive of cereal breakfast foods, but only that appellee is not entitled to the exclusive use of this word in a trade-mark. For the purposes of this case, this may be conceded; but to avoid conflict with appellee's mark the word "nuts" must be used in such association as will clearly avoid confusion in the mind of the purchasing public as to the origin of the goods. Appellant's mark, in our opinion, does not accomplish this.

Finally we would observe that appellant introduced no testimony, and there is no explanation in the record of why appellant chose the word "nuts" as a part of its mark. Under these circumstances we must assume that appellant deliberately appropriated a part of appellee's well-known mark with the expectation that it would profit by the confusion that would result therefrom. That this is a matter proper for consideration in cases of this character is well established. Lever Brothers Co. v. Riodela Chemical Co., 41 F.2d 408, 17 C.C.P.A., Patents, 1272; Procter & Gamble Co. v. J. L. Prescott Co., 49 F.2d 959, 18 C.C.P.A., Patents, 1433.

In our opinion in the case of Steinreich v. Coca Cola Co., 67 F.2d 498, 500, 21 C.C.P.A., Patents, 722, we said: "Had appellant wished clearly to indicate the origin of his goods, there were many thousands of words which he might have selected as a trade-mark for his product, or he could have coined a word or words, none of which could be open to the claim of similarity to appellee's mark. * * *" A like observation is applicable here.

Each of the parties in its brief has cited a large number of cases in support of its respective contention. Many of such decisions are of very little value because they

162

depend upon the facts of the particular cases.

One of the cases cited by the commissioner and by appellant is that of Yeasties Products, Inc., v. General Mills, Inc., 77 F. 2d 523, 22 C.C.P.A., Patents, 1215, involving the trade-marks "Yeasties" and "Wheaties," which we held were not confusingly similar as applied to a cereal breakfast food. We would observe that in that case no question of descriptiveness of any part of the marks was involved, and we merely held that because each of the words "yeast" and "wheat" had the same suffix—"ies"—they did not thereby become confusingly similar.

For the reasons herein stated the decision of the Commissioner of Patents is affirmed.

Affirmed.

BLAND, Associate Judge, concurs in the conclusion.